UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

FILED _____ _____ ENTERED
_____ LOGGED _____ RECEIVED

SEP 1 6 2019

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

Christopher R. Cox
D.O.C# 441292

v.

Civil Action No._____

Asresahegn Getachew, MD.
Medical Director, Corrizon
14100 McMullen Hwy, S.W.
Cumberland, Md. 21502

v.

Frank B. Bishop, Warden of NBCI
14100 McMullen Hwy., S.W.
Cumberland, Md. 21502

v.

Bill Beeman, Medical Supervisor, NBCI
14100 McMullen Hwy, S.W.
Cumberland, Md. 21502

v.

Holly Pierce, Medical Chronic Care Provider,
NBCI
14100 McMullen Hwy., S.W.
Cumberland, Md. 21502

1

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. In conjunction American With Disability Act action authorized by 42 U.S.C § 12101-12213 to redress the discrimination under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. § 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. 2283 & 2284 Rule 65 of the Federal Rule of Civil Procedure.

2. The United States District Court for the District of Maryland is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

3. COMES NOW, Christopher R. Cox #441292, plaintiff pro se, who presents this civil-rights complaint. In conjunction Americans with Disabilities Act action and claim for compensatory, punitive, declaratory, and injunctive relief, as follows

4. Plaintiff has filed a lawsuit against the previous Medical Contractor for retaliation which is currently being litigated in this court.

5. Plaintiff has exhausted the Administrative Remedy Procedure in accordance with the Prison Litigation Reform Act (PLRA). Administrative Remedies were deemed Meritorious by Jeff Nines, acting warden and Richard Roderick, acting warden.

## III. STATEMENT OF FACTS

6.   Plaintiff states that the allegations in this complaint are ongoing begining on August 1, 2017 to the present.

7.   Plaintiff is an American with Disabilities as defined by ADA 42 U.S.C. §12101 et seq..

8.   Plaintiff was placed in the custody of the Maryland Division of Corrections, suffering from physical Disabilities, on December 29, 2014.

9.   Plaintiff lives with a spinal cord injury, a bladder dysfunction, a lower bowel dysfunction, and is a chronic asthmatic surviving with the use of one lung.

10.   Plaintiff's Medical condition require the weekly use of the following Medical Supplies; Two (2) Straight Catheters; Seven (7) Condum Catheters; Seven (7) Diapers; One (1) Leg bag every two weeks; One (1) Foley bag per Month; Seven (7) adhesive skin prep per week; and three (3) Lubricants per week at the Minimum.

11.   Plaintiff on the Morning of August 1, 2017 asked Nurse Kim for his weekly bag of Medical Supplies as she dispensed Medication.

12.   Plaintiff was informed by Nurse Kim that he would Not be receiving his Medical Supplies due to the contract running out with the previous Medical provider (Wexford).

13.   Plaintiff filed a request for administrative remedy on August 1, 2017 after speaking with Nurse Kim.

3

14. Plaintiff's request for administrative remedy was investigated and answered on September 23, 2017.

15. Plaintiff's request for administrative remedy was deemed meritorious by Jeff Nines, Acting Warden.

16. Plaintiff wrote to Frank B. Bishop Jr., Warden, and Bill Beeman, Medical Supervisor regarding receiving partial Medical supply packages on March 29, 2018.

17. Plaintiff has brought various issues in regard to his medical supplies to the attention of the Defendants on numerous occasions via ARPs, Request slips, and letters dating back as far as 2016.

18. Defendants continue to be deliberately indifferent to the Plaintiff's medical needs.

19. Plaintiff filed a request for administrative remedy on July 16, 2019 at eight eighteen a.m., after going twenty-four hours without his medical supplies.

20. Plaintiff is not issued bio-hazard bags to dispose of his used Medical supplies that have had contact with bodily waist

21. Plaintiff is forced to sit on the toilet all day and all night when he is not given his medical supplies; or forced to run back and fourth to the toilet all day and night, in violation of the eighth amendment to the United States Constitution

22. Plaintiff suffers from sleep deprivation when he is forced to endure the conditions described in paragraph twenty-one

4

of this complaint, in violation of the Eight Amendment of the United States Constitution.

23. Plaintiff suffers great discomfort in his stomach and intense pain in his genitalia when he is forced to go without his medical supplies, in violation of the Eighth Amendment of the United States Constitution.

24. Plaintiff is in an extreemly violent prison and has written letters, institutional request slips, and Requests for Administrative Remedies complaining about tension and hostility from cell partners because of the unsanitary condition of the cell when he is not issued his medical supplies.

25. Plaintiff because of his medical condition, and living environment described in paragraph twenty-four of this complaint, has repeatedly requested to be placed in a medical cell designed for one person.

26. Defendants, regardless of being notifide, of the conditions in paragraph twenty-four of this complaint, and Plaintiff's requests in paragraph twenty-five of this complaint has been deliberatly indifferent to Plaintiff's healf and safety, and placed him in cells with other prisoners, in violation of the Eight Amendment of the United States Constitution.

27. Defendants have been deliberately indifferent in regard to Plaintiff's serious medical needs by not issuing his medical supplies on time, causing Plaintiff to suffer discomfort; stomach and abdominal pains; pains in his genitalia; unsanitary and unsafe living conditions; and affecting his ability to sleep peaceably and walk comfortably, in violation of the Fourteenth Amendment of the United states Constitution.



28. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants unless this Court grants the declaratory and injunctive relief which Plaintiff seeks.

## III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment granting Plaintiff:

29. A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

30. A preliminary and permanent injunction ordering defendants Dr. Asresahegn Getachew, MD, Frank B. Bishop Jr., Bill Beeman, and Holly Pierce to:
   (i) Order the proper amount of the Plaintiff's necessary Medical Supplies.
   (ii) Deliver Plaintiff's Necessary medical supplies to plaintiff every week at the proper time and day as scheduled.
   (iii) Distribute Hazmat bags to the Plaintiff so he can dispose of used Medical Supplies in a safe and sanitary Manner.
   (iv) Issue the Plaintiff the proper paperwork to place Plaintiff on single Cell and Medical cell status.
   (v) Schedule and examin Plaintiff every Ninety days for chronic care visits
   (vi) Schedule and examin Plaintiff once a year for a physical.
   (vii) Keep Plaintiff's Medical Records, Files, and documents accurate, up to date and in order.

6

31. Compensatory damages in the amount of $125,250.17 against each defendant, jointly and severly, in their individual and official capacities.

32. Punitive damages in the amount of $80,500.13 against each defendant, jointly and severly, in their individual and official capacities.

33. Any additional relief this court deems just, proper, and equitable.

Respectfully submitted this SEP day of _____ 2019

Signature: Christopher R. Cox #441292
NBCI
14100 McMullen Hwy, S.W.
Cumberland, Md. 21502

## IV. VERIFICATION

Pursuant to 28 U.S.C. §1746, I Christopher R. Cox, declare and verify, under penalty of perjury under the laws of the United States of America that I have read the foregoing and that it is true and correct to the best of my belief and knowledge.

Date: Sep. 12, 2019   signature: